**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CHRISTOPHER L. ELDER,

          Appellant,

        v.

DEPARTMENT OF THE AIR FORCE,

          Agency.

DOCKET NUMBER
DA-0752-13-0480-X-1

DATE: August 15, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Christopher L. Elder, Norman, Oklahoma, pro se.

Jamie L. Sagehorn, Michael Taber, Esquire, and Telin W. Ozier, Esquire,
    Tinker AFB, Oklahoma, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1       The administrative judge issued a compliance initial decision finding the agency noncompliant with a settlement agreement entered into between the parties. MSPB Docket No. DA-0752-13-0480-C-1, Compliance File, Tab 12,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Compliance Initial Decision. For the reasons discussed below, we find the agency in compliance and DISMISS the petition for enforcement.

**DISCUSSION OF ARGUMENTS AND EVIDENCE OF COMPLIANCE**

¶2 On December 12, 2013, the appellant filed a petition for enforcement of a settlement agreement that resolved his appeal in *Elder v. Department of the Air Force*, MSPB Docket No. DA-0752-13-0480-I-1. *See* CID at 1. Among other things, the settlement agreement provided that the agency would cancel its removal action against the appellant; replace the removal Standard Form (SF) 50 with an SF-50 reflecting that the appellant was suspended for 90 days; provide back pay; and return the appellant to his position effective August 22, 2013. CID at 3.

¶3 On April 9, 2014, the administrative judge issued a compliance initial decision finding that the agency failed to pay the appropriate amount of back pay because it improperly withheld amounts for the appellant's health insurance premiums. CID at 6. The administrative judge ordered the agency to show that it had ceased withholding insurance premiums and had refunded the amounts improperly withheld. CID at 6-7. The administrative judge found the agency otherwise compliant with the settlement agreement.

¶4 On May 27, 2014, the agency filed evidence of purported compliance, noting that it had reimbursed the appellant for the health insurance premiums improperly withheld. MSPB Docket No. DA-0752-13-0480-X-1, Compliance Referral File (CRF), Tab 3 at 4. The appellant did not respond.

¶5 A settlement agreement is a contract, and the appellant, as the non-breaching party, bears the burden to prove "material noncompliance" with a term of the contract. *Lutz v. U.S. Postal Service*, 485 F.3d 1377, 1381 (Fed. Cir. 2007). The agency must produce relevant and material evidence of its compliance with the agreement. *Haefele v. Department of the Air Force*, 108 M.S.P.R. 630, 634 (2008).

¶6        As explained above, the agency submitted evidence of apparent compliance.  The appellant did not respond, although the Board informed him that he should file any response within 20 days of the agency's submission.  CRF, Tab 2 at 2; *see* 5 C.F.R. § 1201.183(a)(8) (the complying party has 20 days to file a response to the non-complying party's submission).  Because the agency has submitted evidence of compliance and the appellant has not responded, we assume the appellant is satisfied, find the agency in compliance, and dismiss the petition for enforcement.  This is the final decision of the Merit Systems Protection Board in this compliance proceeding.  Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

### NOTICE TO THE APPELLANT REGARDING
### YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                         _____
                                       William D. Spencer
                                       Clerk of the Board

Washington, D.C.